# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

IN RE:

JOHN EDWARD MCCREADY and
ELIZABETH DEL CARMEN MCCREADY
f/k/a ELIZABETH PENA,

    Debtors,

_____/

v.                                                                            CASE NO: 8:10-cv-315-T-26

JOHN BROOK, as Chapter 7 Trustee of the Estate
of John Edward McCready and Elizabeth Del
Carmen McCready f/k/a Elizabeth Pena,

    Plaintiff,

v.

CITIFINANCIAL SERVICES, INC.,

    Defendant.

_____/

## **O R D E R**

Defendant, CitiFinancial Services, Inc. (CitiFinancial), has filed a motion to withdraw the reference with regard to an adversary proceeding filed against it in the Bankruptcy Court by the Chapter 7 Trustee on behalf of the Debtors' estate. The Trustee alleges that CitiFinancial engaged in unlawful debt collection practices prohibited by the Florida Consumer Collection

Practices Act, sections 559.55, *et seq*. CitiFinancial contends that cause exists for withdrawing the reference pursuant to 28 U.S.C. § 157(d), that it is entitled to a jury trial under the Seventh Amendment in this non-core adversary proceeding, and that, because it will not consent to the jurisdiction of the Bankruptcy Court, the case must be disposed of in this Court where its right to a jury trial can be honored.

Even assuming the correctness of CitiFinancial's contentions, its motion to withdraw the reference is premature. As the Bankruptcy Court's docket reflects, the Trustee filed the complaint on December 24, 2009, CitiFinancial filed its answer and defenses on January 22, 2010, and the Bankruptcy Court has scheduled a pretrial conference for February 16, 2010. Given the early stage of litigation of this adversary proceeding, the mere fact that CitiFinancial is entitled to a jury trial does not mean that this Court is obligated to withdraw the reference at this point in time simply because CitiFinancial has filed the motion. As the Ninth Circuit Court of Appeals recently observed after canvassing numerous decisions, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." In re Healthcentral.com, 504 F.3d 775, 787 (9th Cir. 2007) (citation omitted). "Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." Id. (citation omitted). Importantly, according to the Ninth Circuit, one of the pre-trial matters over which a bankruptcy court would be authorized to exercise jurisdiction is a dispositive motion such as a motion for summary judgment because "even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment *right* to a jury trial as these motions merely address whether trial is necessary at all." Id. (citation omitted) (emphasis in original).

Accordingly, the Motion to Withdraw the Reference (Dkt. 1) is denied without prejudice as being premature. CitiFinancial may refile the motion once all pretrial matters have concluded and the adversary proceeding is ready to be tried before a jury. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on February 1, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record